PAUL F. GRAY, JR. and WILMA GRAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket No. 6128-76.
United States Tax Court
T.C. Memo 1981-1; 1981 Tax Ct. Memo LEXIS 737; 41 T.C.M. (CCH) 682; T.C.M. (RIA) 81001; January 5, 1981
H. Wayne Grant, Perry Shields, and Leslie Shields, for the petitioners. Roy R. Allison, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax under section 6653(b), I.R.C. 1954, [1] for the years and in the amounts as follows: Additions to Tax Under
Year [2]
Deficiencies
Sec. 6653(b), I.R.C. 1954
1968
$ 22,466.07
$ 11,223.03
1969
40,767.94
20,383.97
1970
39,134.47
19,567.23
*738 The issue for decision in this case is the amount of deficiencies in tax and additions to tax due from petitioners for each of the years 1968, 1969, and 1970. [3]
*739 FINDINGS OF FACT The facts in this case with respect to the amount of petitioners' taxable income in each of the years here in issue have been stipulated by the parties. The Court finds these facts as agreed to by the parties. Paul F. Gray, Jr. (petitioner), resided in Chattanooga, Tennessee, at the time of the filing of his petition in this case. He filed a joint Federal income tax return with his wife, Wilma, for each of the calendar years 1968, 1969, and 1970 with the Director, Internal Revenue Service Center, Chamblee, Georgia. The following schedule shows petitioner's assets and liabilities at the end of each of the years 1967 through 1970 and his net worth increases, corrected taxable income, taxable income reported, and additional tax income: Dec 31, 1967
Dec 31, 1968
Dec 31, 1969
Dec 31, 1970
Assets
Cash on Hand
$ 70,000.00
$ 70,000.00
$ 48,000.000
$ 48,000.00
Cash in Banks
5,312.57
2,137.22
1,168.43
2,202.67
U.S. Treasury
Notes
30,000.000
30,000.000
30,000.00
0
United Bank
Stock
0
0
0
12,500.00
Chattanooga
Trans Co.
Stock
500.00
500.00
500.00
500.00
Inventory
0
0
1,172.79
1,263.50
Notes
Receivable
13,500.00
5,000.000
0
0
Real Estate
103,627.89
106,514.06
156,183.58
402,137.64
Buildings
157,500.000
300,978.92
453,546.38
648,933.19
Furniture and
Fixtures
2,862.95
14,638.66
59,838.96
67,536.26
Machinery and
Equipment
0
18,216.12
19,749.51
19,749.51
Improvements
866.00
16,090.01
37,637.37
55,877.37
Automobiles
6,168.00
6,168.00
6,150.00
6,029.43
Total
Assets
$ 390,337.41
$ 570,242.99
$ 813,947.02
$ 1,264,729.57
Liabilities
Loans
$ 93,219.59
$ 194,218.18
$ 357,018.12
$ 694,807.31
Accts Payable
0
168.89
10,503.84
8.74
Depreciation
Reserve
7,920.46
19,279.34
51,293.26
97,278.52
Total
Liabilities
101,140.05
213,666.41
418,815.22
792,094.57
Net Worth
$ 289,197.36
$ 356.576.58
$ 395,131.80
$ 472,635.00
Prior Years
Net Worth
$ 289,197.36
$ 356,576.58
$ 395,131.80
Increase in
Net Worth
67,379.22
38,555.22
77,503.20
Plus personal
Living Exp.
20,501.22
35,484.02
18,372.55
Adjusted Gross
Income
87,880.44
74,039.24
95,875.75
Less: Itemized
Deductions
2,062.54
3,185.60
3,601.16
Exemptions
4,200.00
4,200.00
4,375.00
Corrected
Taxable
Income
81,617.90
66,653.64
87,899.59
Less: Taxable
Income per
return
28,074.07
(3,083.12)
(18,242.07)
Additional
Taxable
Income
$ 53,543.83
$ 69,736.76
$ 106,141.66
*740 Petitioner is the same person who was the defendant in the criminal case of United States v. Paul F. Gray, Jr., Docket No. CR-1-75-8, in the United States District Court for the Eastern District of Tennessee. The indictment filed in that case on March 24, 1975, charged in separate counts for 1968, 1969, and 1970 that petitioner wilfully and knowingly attempted to evade and defeat a large part of the income taxes due and owing by him for those years to the United States by submitting false and fraudulent returns in violation of section 7201. Petitioner entered a plea of guilty to each of the charges set forth in this indictment and on June 17, 1975, the United States District Court for the Eastern District of Tennessee entered a judgment of conviction of petitioner on each of the counts to which he plead guilty. On October 26, 1979, respondent filed a motion for partial summary judgment alleging that petitioner, by reason of his conviction under section 7201, was collaterally estopped from denying in this case that he wilfully filed false and fraudulent income tax returns for each of the years 1968, 1969, and 1970 with the intent to evade and defeat a part of the taxes due *741 and owing by him for those years and that by reason of such fraud a part of the underpayment of petitioner's tax for each of those years in due to fraud within the meaning of section 6653(b). The determination made by the order of this Court dated November 27, 1979, granting respondent's motion for partial summary judgment still stands in this case since petitioner's motion to reconsider that order was denied. [4]
Respondent's determination of deficiencies for each of the years 1968, 1969, and 1970 was based on a net *742 worth computation. Petitioner in the petition alleged many errors in this computation.However, the parties have now agreed to all elements of the net worth computation and we have set forth above all elements of this agreed computation with the resulting increases in the taxable income as reported by petitioners. OPINION Since all factual aspects of the net worth computation have been agreed to, the amount of tax due on the basis of the resulting net income is a matter of computation under Rule 155. Since we have refused to reconsider the order dated November 27, 1979, granting respondent's motion for partial summary judgment, we hold that petitioner is liable for the additions to tax for fraud under section 6653(b) for each of the years 1968, 1969, and 1970. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. In as separate statutory notice of deficiency, respondent determined a deficiency in tax and an addition to tax for petitioners' calendar year 1972. Originally the year 1972 was included in a single petition with the years 1968, 1969, and 1970. However, on October 29, 1980, the parties filed a joint motion to sever the year 1972 from the years 1968, 1969, and 1970, and assigned a separate docket number to that case. By order dated October 29, 1980, this motion was granted and the year 1972 was severed from the above-entitled case and assigned docket number 22381-80. The parties disposed of the issues involved for the year 1972 by settlement and the Court on December 19, 1980, entered a decision in docket number 22381-80.↩
3. The issue of whether petitioner Paul F. Gray, Jr., was liable for an addition to tax for fraud under sec. 6653(b) was disposed of for each of the years 1968, 1969, and 1970 by an order dated November 27, 1979, granting respondent's motion for partial summary judgment and holding that petitioner paul F. Gray, Jr., is collaterally estopped from denying that parties of the underpayments of income tax for the taxable years 1968, 1969, and 1970 are due to fraud. Respondent has conceded that Wilma Gray was an innocent spouse under sec. 6013 and by reason of those provisions is not liable for any deficiencies in 1968, 1969, and 1970. It follows that Wilma Gray is not liable for any additions to tax under sec. 6653(b)↩. Furthermore, respondent offered no evidence at the trial to show any fraud on the part of Wilma Gray. At the trial of this case petitioner moved that the Court reconsider its order granting respondent's motion for partial summary judgment. This motion was orally and by written order dated October 28, 1980, denied.
4. On October 14, 1980, petitioner filed with the United States District Court for the Eastern District of Tennessee a "Motion in the Form of a Petition by the Defendant for a Writ of Error Coram Nobis Vacating and Setting Aside His Conviction and Permitting Him to Withdraw His Pleas of Guilty." At the time of the trial of this case on October 28 and 29, 1980, no action had been taken by the Court on this motion. Subsequently, the Court was informed that on November 10, 1980, this motion was denied by the District Court and that petitioner filed a notice of appeal from that denial to the United States Court of Appeals for the Sixth Circuit on November 20, 1980.↩